# United States Court of Appeals
# for the Fifth Circuit

No. 19-60802
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2021

Lyle W. Cayce
Clerk

SYLVESTER LEE BRANCH,

*Plaintiff—Appellant*,

*versus*

BRIAN LADNER, *Warden*, *Central Mississippi Correctional Facility Area II*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-252

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Sylvester Lee Branch, Mississippi prisoner #M5290, proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). He has also filed a motion

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

for appointment of counsel. We review the district court's dismissal de novo, using the standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).

Branch argues, as he did in the district court, that Warden Brian Ladner failed to conduct an adequate investigation during his prison disciplinary proceedings, which resulted in an informal two-week loss of all privileges and two concurrent 30-day losses of privileges, and thus violated his due process rights. Branch's punishment does not result in the atypical and significant hardship contemplated by *Sandin v. Conner*, 515 U.S. 472, 484 (1995), and therefore does not implicate a protected liberty interest, *see Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Given this, we need not consider whether the procedures that attended those punishments were constitutionally sufficient. *See Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010).

Accordingly, the judgment of the district court is AFFIRMED. Branch's motion for appointment of counsel is DENIED. The district court's dismissal of Branch's complaint counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). Accordingly, Branch is CAUTIONED that if he accumulates three strikes under § 1915(g) , he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.